OPINION
Bo Wesley Beam, Sr. appeals from the trial court's order adopting a magistrate's decision that denied Beam's request for paternity testing in an action for child support filed pursuant to the Uniform Interstate Family Support Act, R.C. Chapter 3115.
Bo[1] and Candace E. Beam were married in Ohio in 1993. They permanently separated in December 1996. In 1999, Candace, having since moved to Kentucky, petitioned the Montgomery County, Kentucky, Circuit Court for dissolution of her marriage. Bo lived in Indiana at the time of the petition. He was served there with notice of the dissolution proceeding. However, Bo did not appear in the Kentucky proceeding.
The Kentucky court found that one minor child had been born of the marriage, Bo Wesley Beam, Jr. The child resided with Candace at the time of the dissolution. The Kentucky court granted Candace's petition for dissolution, awarding her sole custody of the child. The court further stated that "[b]ecause Kentucky does not have personal jurisdiction over the Respondent [Bo], no child support shall be ordered at this time."
On July 16, 2001, pursuant to a petition from the Commonwealth of Kentucky, the Darke County Child Support Enforcement Agency commenced a Uniform Interstate Family Support Act ("UIFSA") action against Bo in Darke County, seeking orders for child support, health insurance, and related relief. Bo answered the complaint pro se. He denied the allegation that the child born of the marriage was his, stating that he had reason to believe that the child "may not be his biological child."
The matter was referred to a magistrate. Bo requested paternity testing. The magistrate denied the request, holding that the Darke County court lacked jurisdiction "to address the issue as paternity was established in Montgomery County, Kentucky." The magistrate ordered Bo to pay child support and provide health insurance for the benefit of Bo Wesley Beam, Jr.
Bo, who had since retained an attorney, filed timely objections to the magistrate's decision. Bo objected to the magistrate's finding that the court lacked jurisdiction to determine the issue of paternity on account of the prior determination in Kentucky, arguing that the Kentucky court lacked jurisdiction to determine paternity in the Kentucky dissolution proceeding.
The trial court overruled Bo's objections and adopted the findings of the magistrate, stating that Bo may challenge the decision of the Kentucky court only in Kentucky.
Bo filed timely notice of appeal to this court. He presents one assignment of error.
 ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN RULING THAT AN ALLEGED CHILD SUPPORT OBLIGOR IN A UIFSA PROCEEDING FILED IN OHIO COULD NOT COLLATERALLY ATTACK A KENTUCKY COURT'S FINDING OF PARENTAGE IN A DECREE WHICH ACKNOWLEDGED A LACK OF JURISDICTION OVER THE OBLIGOR AND FAILED TO COMPLY WITH THE UNIFORM PARENTAGE ACT."
The UIFSA, R.C. 3115.01 et seq., and corresponding federal statutes,constitute remedial legislation designed to correct inconsistenciesbetween support orders issued in different states. Dunn v. Dunn (2000),137 Ohio App.3d 117. Under the UIFSA, states that issue child support orders may request other states to enforce the order against a resident of the responding state when both states have adopted the UIFSA. Ohio and Kentucky have both adopted the Act.
R.C. 3115.16(B)(1) permits a responding tribunal in Ohio to, alternatively, "[i]ssue or enforce a support order, modify a child support order, or determine the existence or nonexistence of a parent and child relationship." R.C. 3115.26 states that "[a] party who has been previously determined pursuant to law to be the parent of a child may not plead that the party is not the parent of the child as a defense to a proceeding" brought pursuant to the UIFSA. However, R.C. 3115.44(A)(1) allows a party to contest enforcement of a support order upon a claim that "[t]he issuing court lacked personal jurisdiction over the contesting party." Paragraph (B) of that section imposes the burden to prove the defensive claim on the contesting party. Paragraph (C) requires the court to issue an order of support if the contesting party fails to prove his affirmative defense.
The defensive provisions of R.C. 3115.44(A)(1) are consistent with the settled provisions of the law regarding jurisdictional claims. It has been held that "[a] judgment of a sister state's court is subject to collateral attack in Ohio if there was no subject matter or personal jurisdiction under the sister state's internal law, and under that law the judgment is void; however, such collateral attack is precluded in Ohio, if the defendant submitted to the jurisdiction of the sister state's court by an appearance precluding collateral attack in such state." Litsinger Sign Co., Inc. v. The American Sign Co., Inc. (1967),11 Ohio St.2d 1, paragraph one of the syllabus. See also Logan v. Powell(March 30, 1998), Brown App. No. CA97-09-017, unreported.
Bo didn't plead lack of personal jurisdiction as a defense. However, Civ.R. 12(B) permits the claim to be pleaded by motion, which is what Bo did. He was authorized by R.C. 3115.44(A)(1) to do that. His further request for paternity testing was in aid of the burden of proof imposed on him by paragraph (B) of that section. R.C. 3111.09(A) requires the court to grant the request in paternity actions. The requirement likewise applies in UIFSA actions, per R.C. 3115.02, where parentage is put in issue on a claim that the initiating tribunal lacked the personal jurisdiction to make the parentage determination on which the action is based.
The trial court erred when it held that Bo could attack the jurisdiction of the Kentucky court only in Kentucky. He was authorized by R.C. 3115.44(A)(1) to attack it in the Ohio UIFSA proceeding. On remand, the court must first determine Bo's jurisdictional claim. If it finds that the Kentucky court lacked jurisdiction, it may then order paternity testing on Bo's motion, which is one of the alternatives permitted to the court by R.C. 3115.16(B)(1), to "determine the existence or nonexistence of a parent and child relationship." If Bo fails to prove that the Kentucky court lacked personal jurisdiction over him, then R.C. 3115.44(C) mandates that the court must issue a support order.
The assignment of error is sustained. The judgment of the trial court will be reversed and the matter remanded for further proceedings consistent with this opinion.
BROGAN, J. and YOUNG, J., concur.
[1] For purposes of economy and clarity, the parties will be identified by their first names.